**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**TABITHA GUILE,**

                **Plaintiff,**                **5:07-cv-259
                                                            (GLS)**

             **v.**

**JO ANNE B. BARNHART,** Commissioner
of Social Security,

                **Defendant.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Olinsky, Shurtliff Law Firm          JAYA SHURTLIFF, ESQ.
300 S. State Street
5th Floor
Syracuse, NY 13202

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN    JOHN M. KELLY
United States Attorney                Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

BARBARA L. SPIVAK
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe
District Court Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Plaintiff Tabitha Guile challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) and seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3).  (*See* Compl., Dkt. No. 1.)  Upon reviewing the administrative record and carefully considering the arguments, the court affirms the Commissioner's decision.

## II. Background

On August 27, 2002, Guile filed applications for DIB and SSI under the Social Security Act (the Act), alleging disability since January 1, 2000. (Tr.[1] at 14, 309.)  After her application was denied, Guile requested a hearing before an Administrative Law Judge (ALJ), which was held on June 22, 2004.  (Tr. at 14.)  On September 16, 2004, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final decision upon the Social Security Administration Appeals Council's denial of review.  (Tr. at 6-8, 23.)

Guile commenced the present action by filing a complaint on March

---

[1]"(Tr. )" refers to the page of the Administrative Transcript in this case.

12, 2007, seeking review of the Commissioner's determination. (Dkt. No. 1.) The Commissioner filed an answer and a certified copy of the administrative transcript. (Dkt. Nos. 7, 9.) Each party, seeking judgment on the pleadings, filed a brief. (Dkt. Nos. 10, 11.)

### III. Contentions

Guile contends that the Commissioner's decision is not supported by substantial evidence or the appropriate legal standards. Specifically, Guile claims that: (1) the Appeals Council erred by not remanding the case in light of new and material evidence; (2) the ALJ failed to adequately develop the record in assessing Guile's Residual Functional Capacity (RFC); and (3) the ALJ improperly relied on vocational expert testimony. (*See generally* Pl. Br., Dkt. No. 10.) The Commissioner counters that substantial evidence supports the ALJ's decision.

### IV. Facts

The evidence in this case is undisputed and the court adopts the parties' factual recitations. (*See* Pl. Br. at 3-9, Dkt. No. 10; Def. Br. at 1-8, Dkt. No. 11.)

### V. Standards of Review

The standard for reviewing the Commissioner's final decision under

42 U.S.C. 405(g), and the five-step process used by the Commissioner in evaluating whether a claimant is disabled under the Act are both well established and will not be repeated here.  For a full discussion of both the standard of review and the Commissioner's five-step process, the court refers the parties to its previous opinion in *Christiana v. Comm'r Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI.  Discussion

### A.  New Evidence

Guile first argues that the Appeals Council erred in not remanding the case in light of new evidence.  (*See* Pl. Br. at 11-14, Dkt. No. 10.)  This evidence, which was first submitted to the Council, consists of "the treatment notes of neurologist Jonathan Braiman, M.D. dated April 12, 2005 to June 11, 2005 ... and [an] MRI dated April 29, 2005 revealing disc herniation."  (*See id.* at 12.)  According to Guile, the Council's refusal to remand was error because the new evidence undermines the ALJ's RFC determination.[2]  This argument is without merit.

---

[2] The ALJ found that Guile could "perform the full range of light work with a very mild environmental limitation," and with "no mental limitations on her ability to follow and understand simple directions and instructions and maintain attention and concentration."  (Tr. at 20.)

4

As noted above, the MRI and Dr. Braiman's treatment notes were generated and submitted to the Appeals Council after the ALJ's September 2004 decision. Therefore, "the appropriate inquiry is not whether the ALJ should have considered [the evidence], but rather whether it should have compelled review by the Council." *See Rutkowski v. Astrue*, No. 8:07-CV-916, 2009 WL 2227282, at *11 (N.D.N.Y. July 23, 2009), *aff'd*, No. 09-3378-cv, 2010 WL 726030 (2d Cir. Mar. 4, 2010). The Council is compelled to review a case in light of new evidence only if "(1) the evidence is material, (2) the evidence relates to the period on or before the ALJ's hearing decision, and (3) the Appeals Council finds that the ALJ's decision is contrary to the weight of the evidence, including the new evidence." *Rutkowski*, 2010 WL 726030, at *2 (citing 20 C.F.R. § 416.1470). And "[w]hen the Appeals Council denies review after considering new evidence, [courts] simply review the entire administrative record, which includes the new evidence, and determine, as in every case, whether there is substantial evidence to support the decision of the [Commissioner]." *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

Here, in denying review of the ALJ's decision, the Appeals Council considered the new evidence and concluded that it did not provide a basis

5

for changing the ALJ's decision. (Tr. at 6.) The Council explained that the MRI, "[which] is dated 7 months after the [ALJ's] decision[,] ... does not specifically relate to the disability period considered by the ALJ"; that Dr. Braiman's neurological findings were "mostly normal"; and that, overall, "the updated evidence does not show that [Guile's] functional abilities are more limited than found by the [ALJ]." (*Id.*) Having reviewed the new evidence in light of the administrative record as a whole, the court agrees with the Council and finds that it correctly denied review.

Specifically, while the evidence may offer *some* support for the limitations alleged in Guile's application, it does not establish that those limitations were extant during the relevant disability period. Rather, it provides only a snapshot of Guile's condition several months after the ALJ's decision, and does not, as Guile contends, offer any retrospective opinion as to Guile's condition during the relevant period. Moreover, even if the evidence could be construed to relate to the relevant period of disability, the court agrees with the Appeals Council that it does not add so much as to displace the substantial evidence supporting the ALJ's RFC determination.

Accordingly, because Dr. Braiman's treatment notes and the April

2005 MRI neither relate to the relevant period of disability, nor render the ALJ's RFC determination contrary to the weight of the evidence, the Appeals Council properly declined to remand the case.

**B.     Failure to Develop the Record**

Guile next contends that the ALJ failed to adequately develop the record in assessing her RFC.  (*See* Pl. Br. at 15, Dkt. No. 10.)  This argument is also without merit.

While Guile is correct in stating that "the ALJ ... has an affirmative obligation to develop the administrative record," *Perez*, 77 F.3d at 47, it is also true that this obligation is not limitless.  Indeed, where the evidence received by the ALJ is consistent and sufficient to determine whether a claimant is disabled, further development of the record is unnecessary, and the ALJ may "make [his] determination or decision based on that evidence." 20 C.F.R. § 404.1527(c)(1); *see also id.* § 404.1527(c)(2) (providing that even if the record evidence is inconsistent, further record development is not required if, after weighing all the evidence, a disability determination can be made).

Here, the court is satisfied that further development of the record was unnecessary.  The ALJ had before him substantial, consistent evidence

7

indicating that Guile retained the RFC to "perform the full range of light work with a very mild environmental limitation ... [and with] no limitations on her ability to follow and understand simple directions and instructions and maintain attention and concentration." (Tr. at 22.) As to physical limitations, the record includes: the unremarkable clinical examination findings of Dr. Marie Castillo, Guile's treating physician,[3] and Dr. Myra Shayevitz, a consultative examiner; a lumbar spine x-ray showing "no bony or disc pathology and no scoliosis"; a 2003 MRI indicating only "mild disc bulge at C5-6 and minimal canal stenosis at L4-5"; and Guile's own statements and testimony which indicate an ability to perform a wide range of daily activities. (Tr. at 16, 18-19.)

The ALJ likewise had sufficient evidence from which to gauge Guile's mental limitations. In particular, the clinical findings of Drs. Karen Barry and M.C. Morog both support the conclusion that although Guile suffers from moderate difficulties in social functioning, her memory and ability to

---

[3] Dr. Castillo's most recent examination report states that despite Guile's complaints of disabling neck and back pain, there were no "objective findings" to substantiate them. (Tr. at 279.) Specifically, in the report, Dr. Castillo noted that Guile's straight leg raising was not limited; her gait, motor strength, and reflexes were all normal; she had no difficulty going to the chair or trying to bring herself up from sitting or a standing position; she was able to forward flex without any difficulty; and that there were no appreciable muscle spasms or any palpable mass during the examination. (Tr. at 279.)

8

concentrate and to understand and follow instructions are not significantly impaired. In assessing Guile's mental RFC based on twenty functional areas, Dr. Morog concluded that Guile was "not significantly limited" in nineteen of those areas—including areas focusing on understanding, memory, and sustained concentration and persistence—and only "moderately limited" in "the ability to accept instructions and respond appropriately to criticism." (Tr. at 242-44.) Similarly, based on a consultative psychiatric evaluation, Dr. Barry concluded that despite apparent difficulties in relating with others, handling stress, and making appropriate decisions, Guile was nonetheless "able to follow and understand simple directions and instructions, and ... to maintain her attention and concentration."[4] (*Id.* at 211.)

Given this and other record evidence, the court is satisfied that the ALJ had before him a complete record from which to measure Guile's RFC, and that further development of that record was unnecessary. Accordingly,

---

[4] Guile claims that Dr. Barry's findings as to her apparent difficulty relating adequately with others, handling stressors and anger, and making appropriate decisions were "not factored in to the ALJ's RFC determination." (*See* Pl. Br. at 15, Dkt. No. 10.) However, in addition to explicitly noting these findings in his decision, the ALJ explained in his RFC determination that Guile should "avoid frequent contact with supervisors and co-workers," and that "[she] can work a low stress job," (Tr. at 20), both of which are consistent with Dr. Barry's findings. Guile's argument in this regard is therefore rejected.

9

the court affirms the ALJ's RFC determination on this ground.

## C. **Vocational Expert Testimony**

Finally, Guile challenges the ALJ's reliance on the vocational expert testimony given at her hearing. (*See* Pl. Br. at 16-17, Dkt. No. 10.) Specifically, Guile argues that because the ALJ did not have the benefit of the evidence submitted to the Appeals Council, and because the ALJ failed to adequately develop the record, the ALJ's RFC-based hypothetical question to the vocational expert was "incomplete" and is therefore not supported by substantial evidence. (*See id.*) However, because the court has already determined that the the ALJ's RFC determination is supported by substantial evidence, Guile's argument on this point fails. *See Mancuso v. Astrue*, No. 09-1699-cv, 2010 WL 116199, at *3 (2d Cir. Jan. 14, 2010) (unpublished) ("The Commissioner may rely on a vocational expert's

10

testimony ... so long as the hypothetical is based on substantial evidence." (citation omitted)); *Salmini v. Comm'r of Soc. Sec.*, No. 09-3642-cv, 2010 WL 1170133, at *4 (2d Cir. Mar. 25, 2010) (unpublished) (affirming a hypothetical question based on RFC assessment where that assessment was supported by substantial evidence).  Accordingly, the ALJ's reliance on the vocational expert testimony in assessing what jobs Guile could perform was appropriate.

### D.     Remaining Findings and Conclusions

After careful review of the record, the court finds that the remainder of the ALJ's decision is supported by substantial evidence and is therefore affirmed.

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Guile's complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 14, 2010
Albany, New York

_____
United States District Court Judge